CRAWFORD COUNTY (FLINT v.). See Case No. 4,871.

CRAWFORD COUNTY (HOWARD v.). See Case No. 6,757.

## Case No. 3,374.

### CRAY v. HARTFORD FIRE INS. CO.

Circuit Court, D. Connecticut. 1847.

INSURANCE — LIMITATION OF TIME FOR BRINGING SUIT—VALIDITY—CONDITIONS ANNEXED TO POLICY.

[1. The parties to a contract of fire insurance may, by agreement, limit the time for bringing suit to a shorter period than that fixed by the statute of limitations.]

[2. Conditions annexed to a policy of fire insurance are made a part thereof by a clause in the body of the policy declaring it to be made and accepted with reference to them.]

This was a bill in equity by Scott Cray, receiver of the Ocmulgee Bank of Georgia, against the Hartford Fire Insurance Company to recover upon a policy of fire insurance.

JUDSON, District Judge. The present proceeding is founded on a policy of insurance issued by the Hartford Fire Insurance Company to, and for the use of a banking company in Georgia, insuring their banking house against fire. The banking incorporation were proceeded against in a court of equity, in Georgia, and a receiver appointed to take charge of the assets of the banking corporation. The present petitioner, Scott Cray, is that receiver, and in his application the loss is averred,. together with all other essential averments essential to the right of the receiver to recover of the defendants the full amount of the policy, on the ground of a total loss. The respondents interpose their answer setting forth the conditions annexed to the policy, and among other things, to wit: "It is further hereby expressly provided, that no suit or action of any kind against said company, for the recovery of any claim upon, under, or by virtue of this policy, shall be sustained in any court of law or chancery, unless such suit or action shall be commenced within the term of 12 months, next after the cause of action shall accrue; and in case any such suit or action shall be commenced against said company after the expiration of 12 months next after the cause of action shall have accrued, the lapse of time shall be taken and deemed as conclusive evidence against .the validity of the claim thereby so attempted to be enforced." In further answering, it was alleged that the present petition was not instituted until after the lapse of 12 months from the time when the cause of action accrued. This was admitted on the trial, and the question involved in this controversy is, whether the clause above recited, shall be considered operative, or be deemed a nullity. so far as this application is concerned. The remonstrants claim that the petitioner has outstayed his time—that this proceeding should have been commenced within 12 months next after the cause of action accrued. In behalf of the petitioner it is argued that the clause or article in question is void and inoperative, because the statute of limitations allows the injured party six years to enforce his rights, and that the answer assumes to control public law. In behalf of the respondent it is urged that the clause above quoted is a part of the contract in the nature of a condition. To determine this question it becomes important to look through the contract itself, and each part, or in other words the whole contract must be examined, and the interpretation must be fair. The intention of the parties is to be sought for; therefore we are not to select one portion and discard another. This would be a violation of all known rules of construction.

What then is this contract? Is it an absolute insurance, or is it conditional? The answer given to these questions will decide the controversy. On reading the policy, there are found on its face several conditions, both precedent and subsequent, entering into the nature of the contract, and manifestly controlling or qualifying the rights of the parties. These are some of the conditions precedent, to wit: "Provided always and it is hereby declared that the corporation will not be held to make good any loss occasioned by invasion, insurrection, riot, or civil commotion or military usurpation." "Provided further that a previous insurance, unless notified or mentioned, shall render the policy void." The following conditions subsequent also appear on the face of the policy, to wit: "Another insurance on the property, taken after the policy in question, assent not being obtained of the insured—the property not to be used as a deposit for hazardous articles or goods, unless specially provided for."

Now it matters not whether the condition be precedent or subsequent, provided it be a part of the contract, both will defeat the recovery when sustained by the facts in the case. It cannot be successfully claimed in this case, that the policy in question is absolute, while these conditions appear on its face. This is not all. There may be other conditions annexed, if the parties so contract. There are in fact, annexed to this policy 14 sections, under the following heading, viz.: "Conditions of Insurance Referred to in the Body of the Foregoing Policy." And immediately thereafter follow these 14 sections, in their order, which the parties have seen fit to denominate "Conditions of Insurance." It may be useful to inquire whether these sections or conditions stand on the same footing as those already enumerated appearing on the face of the policy. Take the 2d and 3d articles or sections, which define "goods hazardous," and "trades hazardous;" these have ever been considered and deemed

conditions and parts of the policy. The 10th article regulates the manner of procuring and presenting the preliminary proofs, and no one can doubt, that this is an important condition of the contract, though it is only annexed with others of that list. The 7th article, that an assignment of a policy unless approved and agreed to by the corporation shall render the policy void. This is a condition subsequent, and yet no recovery can be had unless the condition is complied with. But the question still returns, is the 14th article a part of the contract in the nature of a condition? and has it been so stipulated by the parties?

One clause in the body of the policy, will remove all doubt on this point: "And it is moreover declared, that this policy is made and accepted, in reference to the conditions hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto, in all cases not herein otherwise provided for." If this clause fairly embraces the 2d, 3d, 7th and 10th articles of the "Conditions of Insurance" no good reason can be assigned why it shall not equally embrace the 14th article.

It is quite clear that the parties intended that this reference should bring to the policy the whole 14 articles and attach them to the policy, and make them each, a part of that instrument. This referring clause, does in fact incorporate these 14 articles into the spirit and essence of the policy. The 14th article may be deemed a condition annexed to the policy, not regarding the mode of inferring the contract, but as an important element of the contract by which the claim may be rendered void, in the same manner and to the same extent as would either of the other conditions, whether in the body of the policy, or under the heading of the "Conditions of Insurance." One party at least must be supposed to be aware of the danger of fraud and false swearing, should the claim be deferred for a great length of time, and that party will not enter into the contract, unless it shall be made a condition that the claiming party shall prosecute his claim within 12 months. The holders of the policy accede to this condition and accept the contract with that condition annexed. The insurers have a right thus to guard against fraud, and insert such a condition, and when the insured accept such terms their right to damages must be subject to the condition. It is equally for the benefit of the assured—a ready payment of their loss is an important provision for the insured. By this interpretation of the policy, any honest claim cannot be defeated, and it may prevent the prosecution of a claim proceeded in fraud. Suppose the 14th condition had been placed on the face of the policy, next following that clause which provides that the company shall not be responsible for losses by means of invasion, &c., &c., there would seem to remain no doubt as to the construction. Suppose further, this

14th article had been placed on the face of the policy, varied a little in its form of words, so as to read thus: "And provided nevertheless, that this policy is on the condition that if the insured shall fail to prosecute his claim for damages within 12 months next after the cause of action shall accrue, then the foregoing policy shall be void, and no recovery shall be had thereon?" Had this been the language of the body of the policy, the case would have been free of doubt. And yet when the policy is taken together, and has applied to it the usual rules of interpretation, this was the intent of the contracting parties, and this is the fair construction of the contract. It is a conditional contract, and the 14th article is one among other conditions, upon which the liability depends. The rules of interpretation are so well known and so generally understood, that it may be unimportant to cite more than the following: "The construction shall be made on the whole contract, and not on separate parts, that every part, if possible may take effect." 1 Swift, Dig. p. 223, rule 6.

In Worsely v. Wood, 6 Term R. 718, Lord Kenyon says: "The great question here is, whether or not, it was the intention of these parties, that the certificate should precede payment by the insurance office, it seems from the printed proposals that it was their intention that it should precede payment." In the case now under consideration, it appears to me, that it was the intention of the parties that all claims under this policy should be prosecuted within twelve months or be void. As to the propriety of such a condition Lord Kenyon, in the same case (page 719) says, the insurers "knowing how liable we are to be imposed upon, we will among other things, require that the minutes &c., shall certify that they believe that the loss happened by misfortune, and without fraud, otherwise we will not contract with you at all." So in this case, the assurers had a right to provide that if the insured failed or neglected to assert their claim within 12 months, that claim should be void, and the insured was at liberty to accept those terms or not, but if accepted, those terms enter into the contract itself. Grose, J., in giving his opinion in the same case (page 720), says: "Four questions arise on this record. 1st. Whether the printed proposals are to be taken as a part of the policy; 2d, whether the part respecting a certificate creates a condition precedent; 3d, if it does, whether the assured was bound to perform the condition, and 4th, whether they have performed. These are the material points. On the first point the case of Routledge v. Burrell [1. H. Bl. 254] is decisive to show that the printed proposals are to be taken as a part of the policy. The second point also seems to be decided in the case of Oldman v. Bewicke [2 H. Bl. 577, note, 26 Geo. III. C. B.], for though the words in both proposals are not exactly similar, the substance is the same."

.I am persuaded that the fair construction of this policy is, that the 14th article annexed to the policy, was intended by the parties as a condition and part of the policy, and not having been performed within the period agreed upon and stipulated, the policy becomes void. Therefore the respondents' answer must be adjudged sufficient.

